UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NITIN SAHDEV, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA,<br><br>Defendant. | Case No.   5:22-cv-01968-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: ECF No. 40 |

Plaintiffs filed the instant attorneys' fees motion following their acceptance of Defendant's Rule 68 offer of judgment. The Court found this motion suitable for determination without oral argument per Civil Local Rule 7-1(b). Based on the parties' written submissions, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for attorneys' fees and costs.

## I. BACKGROUND

On March 28, 2022, Plaintiffs Nitin Sahdev and Mishal Rani filed this suit pursuant to the Song-Beverly Consumer Warranty Act relating to their 2016 Hyundai Sonata Hybrid SE. ECF No. 1. On February 3, 2023, Defendant Hyundai Motor America served a Rule 68 offer of judgment on Plaintiffs, providing separate offers for Plaintiffs' claims and attorneys' fees. *See* ECF No. 37. On February 13, 2023, Plaintiffs accepted the offer as to their claims but rejected Defendants' stipulated attorneys' fees amount, electing instead to file a separate motion for attorneys' fees that is now before the Court. *Id.*

## II. LEGAL STANDARD

State law governs awards of attorneys' fees in diversity cases. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975); *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589

Case No.: 5:22-cv-01968-EJD
ORDER GRANTING IN PART AND DENYING IN PART ATTORNEYS' FEES
1

1    F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court
2    sits determines whether a party is entitled to attorneys' fees, and the procedure for requesting an
3    award of attorney fees is governed by federal law."). Under California law, buyers who prevail in
4    an action under the Song-Beverly Act are entitled to "the aggregate amount of costs and expenses,
5    including attorney's fees based on actual time expended, determined by the court to have been
6    reasonably incurred by the buyer in connection with the commencement and prosecution of such
7    action." Cal. Civ. Code § 1794(d); *see also Covarrubias v. Ford Motor Co.*, 2021 WL 3514095,
8    at *2 (N.D. Cal. Aug. 10, 2021).

Courts calculate attorneys' fees under § 1794(d) using the "lodestar adjustment method." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818 (2006). The lodestar figure consists of "the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). The lodestar figure "may then be augmented or diminished by taking various relevant factors into account, including (1) the novelty and difficulty of the questions involved and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award." *Robertson*, 144 Cal. App. 4th at 819.

A reasonable hourly rate is defined as "that prevailing in the community for similar work." *PLCM*, 22 Cal. 4th at 1095. For "reasonably" incurred hours, "trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

**III.   DISCUSSION**

Here, Plaintiffs seek the following fees for nine timekeepers who worked on this matter:

| NAME (BAR ADMISSION) | RATE | HOURS | TOTAL |
|---|---|---|---|
| Serena Aisenman (2017) | $410 | 2.2 | $902 |
| Tionna Dolin (2014) | $550 (2022) | 0.7 | $385 |
| Tionna Dolin (2014) | $570 (2023) | 1.8 | $1,026 |

Case No.: 5:22-cv-01968-EJD
ORDER GRANTING IN PART AND DENYING IN PART ATTORNEYS' FEES
2

| NAME (BAR ADMISSION) | RATE | HOURS | TOTAL |
|---|---|---|---|
| Mark Gibson (2008) | $485 | 2.2 | $1,067 |
| Ariel Harman-Holmes (2017) | $400 (2022) | 3.9 | $1,560 |
| Ariel Harman-Holmes (2017) | $425 (2023) | 6.5 | $2,763 |
| Carly Henek (2010) | $475 | 10.2 | $4,845 |
| Victoria Hoekstra (1989) | $595 | 11.1 | $6,605 |
| Timothy Kenney (2017) | $410 | 1.5 | $615 |
| Nino Sanaia (2015) | $425 | 1.2 | $510 |
| Greg Yu (2003) | $595 | 17.7 | $10,532 |
| TOTAL | | 59.0 | $30,809 |

Defendant does not dispute that Plaintiff, as the prevailing party in this action, is entitled to recoup reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act. *See* ECF No. 46 ("Opp."); Cal. Civ. Code § 1794(d). However, Defendant challenges the rate and hours incurred by Plaintiffs' counsel as unreasonable and outright opposes Plaintiffs' requests for a lodestar multiplier and costs.

### A.     Lodestar Calculation

#### 1.     Reasonable Rates

To determine whether counsel's hourly rates are reasonable, the Court looks to the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum*, 24 Cal. 4th at 1133. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). In addition, Civil Local Rule 54-5(b)(3) requires the party seeking fees to submit "[a] brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services."

Plaintiffs' counsel request rates between $410 to $595 in this case and provided descriptions of their attorneys' qualifications and experience. Other courts in the Northern District

Case No.: 5:22-cv-01968-EJD
ORDER GRANTING IN PART AND DENYING IN PART ATTORNEYS' FEES
3

of California have approved rates for lemon law cases that are similar to and higher than those requested by Plaintiffs' counsel here. *See Ricksecker v. Ford Motor Co.*, 2023 WL 1542199, at *4 (N.D. Cal. Feb. 3, 2023) (collecting cases), *report and recommendation adopted*, 2023 WL 2189497 (N.D. Cal. Feb. 22, 2023); *Hanai v. Mercedes-Benz USA, LLC*, 2022 WL 718037, at *2 (N.D. Cal. Mar. 10, 2022) ("A review of several recent decisions in this district reveals hourly rates ranging from $225 to $650 for lemon law attorneys.") (citing cases); *see also Chen v. BMW of N. Amer.*, 2022 WL 18539356, at *3-4 (N.D. Cal. Nov. 14, 2022) (finding hourly rates between $400 to $600 reasonable); *Wu v. BMW of N. Am., LLC*, 2022 WL 2802979, at *3-4 (N.D. Cal. July 18, 2022) (awarding attorneys $450 to $600 for 2021 rates). Defendant relies on opinions from the Eastern and Central Districts of California that reduced similar attorneys' fees, but these districts are not the relevant community for the Court's reasonableness evaluation. Opp. 6–7.

Accordingly, the Court finds that the rates requested by Plaintiffs' counsel are within the range of prevailing rates for attorneys in this district of comparable skill, qualifications, reputation, and experience.

### 2. Reasonable Hours

"[A]bsent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*. . . ." *Ketchum*, 24 Cal. 4th at 1133 (emphasis in original). Reasonably expended time is generally time that "could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "[H]ours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Defendant contends that Plaintiffs' hours expended are unreasonable, exaggerated, and duplicative, and it has provided line-by-line objections to most of Plaintiffs' billing entries. *See* Decl. Meghan Gallagher ("Gallagher Decl."), Ex. E. Defendant has also identified certain

Case No.: 5:22-cv-01968-EJD
ORDER GRANTING IN PART AND DENYING IN PART ATTORNEYS' FEES
4

1    categories of "the most egregious" examples of Plaintiffs' alleged overbilling, which the Court
2    will address in turn.

3          Defendant first objects to Plaintiffs' counsel billing 17.7 hours in opposing the motion to
4    dismiss. Opp. 11. Although this number could be considered excessive in certain cases, the Court
5    finds that this number fairly captures the necessary time to respond to Defendant's multi-faceted
6    dispositive motion. To wit, Defendant's motion challenged and called for analysis of the
7    complaint's amount-in-controversy allegations, the sufficiency of all six of Plaintiffs' claims, the
8    remedies requested for the warranty claims, the timeliness under statute of limitations and multiple
9    tolling doctrines, the economic loss rule, as well as requesting that the Court deny leave to amend
10   on a first motion to dismiss. ECF No. 23. Especially given its own characterization of this case as
11   a "simple, routine lemon law case that required little in the way of significant litigation," Opp. 1,
12   Defendant cannot be surprised when its no-holds-barred challenge to the entire complaint churned
13   the waters, eliciting a meaningful response from Plaintiffs. Although the Court applauds
14   Defendant's zealousness, a defendant "cannot litigate tenaciously and then be heard to complain
15   about the time necessarily spent by the plaintiff in response." *Peak-Las Positas Partners v.*
16   *Bollag*, 172 Cal. App. 4th 101, 114 (2009). The Court will not disturb the 17.7 hours that
17   Plaintiffs' counsel spent in opposing Defendants' motion to dismiss.

18         Defendant next challenges the expenditure of 6.0 hours to prepare for a Rule 26 conference
19   and draft a Rule 26 report in January 2023. The Court has reviewed the joint case management
20   conference statement at issue and agrees that six hours is excessive, especially given that Plaintiffs
21   had only spent 3.2 hours to prepare the previous joint report in August 2022. Accordingly, the
22   Court will reduce the time Ms. Harman-Holmes spent on the January 2023 Rule 26 conference
23   and report by **3.0 hours**, resulting in a total of 3.0 hours spent on the task.

24         Defendant disputes the time that Plaintiffs' counsel expended on responding to emails with
25   opposing counsel. The Court does not find such time to be unreasonable, notwithstanding defense
26   counsel's assertions that they billed less time responding to the same. The Court will not disturb
27   any time spend on responding to emails.

28   Case No.: 5:22-cv-01968-EJD
ORDER GRANTING IN PART AND DENYING IN PART ATTORNEYS' FEES
5

Defendant also objects to Plaintiffs' counsel spending 2.2 hours drafting objections to Defendant's notices of depositions and forty-eight (48) document requests on January 26, 2023. Although Defendant contends that 2.2 hours was excessive for copying and pasting the same objection language, the Court expects that the appearance of discovery responses does not necessarily reflect counsel's time spent in evaluating the merits and considering appropriately available objections to the requests. Accordingly, the Court also finds the time Ms. Aisenman spent in responding to discovery in January 2023 to be reasonable. However, by the same token, the Court does not find that the 10.5 hours Ms. Hoekstra spent on discovery responses to be reasonable and will reduce this time by **5.5 hours**, resulting in a total of 5.0 hours for this task.

Finally, with respect to the hours expended on the present attorneys' fees motion, the Court finds that the present motion contains several indications that it was reused from another matter. For instance, on multiple occasions, the motion refers to Kia instead of the actual Defendant, Hyundai Motor America. *See* Mot. 3, 10, 14. The motion also refers to a settlement payment of $60,000 when the actual offer of judgment was for $44,000. *Compare* Mot. 1 *with* Mot. 10, 12. Accordingly, although the billing entries reflect 10.2 hours spent on this motion, the Court finds that the fees motion reflects a reasonable time of only 5.0 hours, which is a reduction of **5.2 hours** from Ms. Henek's billing entries.

In sum, the Court will reduce Ms. Harman-Holmes' time by 3.0 hours, Ms. Hoekstra's time by 5.5 hours, and Ms. Henek's time by 5.2 hours. The Court otherwise finds the hours reflected in the billing entries to be reasonable.

\* \* \*

The Court finds that the rates requested by Plaintiffs' counsel are reasonable and have reduced the total hours Plaintiffs' counsel request by a total of 13.7 hours across three attorneys. In total, the Court finds the lodestar amount accounting for reasonable rates and reasonable hours is **$23,791.00**.

### 3. Lump Sum Fees for Reply Brief

Plaintiffs also request $3,500 as an additional lump sum for their attorneys' fees associated

1   with reviewing Defendant's opposition and drafting their reply.  The Court finds that the reply

2   brief reflects approximately 5 hours of work.  Assuming that Ms. Henek was also the attorney

3   working on the reply brief and billing at $475, the Court finds that **$2,375** would be a reasonable

4   lodestar amount for the fees associated with the reply.

### B.    Multiplier

The California Supreme Court has instructed courts to consider the following factors in adjusting the lodestar using a multiplier:

(1) [T]he novelty and difficulty of the questions involved;

(2) the skill displayed in presenting them,

(3) the extent to which the nature of the litigation precluded other employment by the attorneys,

(4) the contingent nature of the fee award.

*Ketchum*, 24 Cal. 4th at 1132.  Conversely, "[e]ven where a party prevails on a single cause of action for which he or she is entitled to attorney fees, if the court determines the attorney's work on that claim is duplicative or excessive, the court has broad discretion to apply a negative multiplier to the lodestar amount."  *Graciano*, 144 Cal. App. 4th at 161.

The Court does not find that the *Ketchum* factors counsel in favor of a multiplier in this case.  There is no indication that this case was anything other than a typical lemon law matter, an observation that Plaintiffs' motion makes no attempt to oppose.  *See* Mot. 11–13.  And while Plaintiffs' counsel demonstrated their competence in opposing Defendant's motion to dismiss, this is somewhat counterbalanced by the untimeliness and relatively careless presentation in their fees' motion.  Nor does the time expended on this case suggest that the matter precluded other employment by Plaintiffs' counsel—the entire case consisted of fifty-nine (59) hours expended over two years.  Finally, although Plaintiffs' counsel undertook this representation on a contingent fee basis, the risks inherent to such an arrangement appears to have been rewarded by a generally above-average market rate for lemon law attorneys.  *Compare generally* Mot. (requesting hourly rates between $410 to $595) *with* Gallagher Decl. ¶ 17 (representing that warranty defense

Case No.:   5:22-cv-01968-EJD
ORDER GRANTING IN PART AND DENYING IN PART ATTORNEYS' FEES
7

litigators charge approximately $200 to $250 per hour).[1]  Accordingly, the Court will decline to award any lodestar multiplier.

### C.  Costs and Expenses

Defendant appears to challenge Plaintiffs' request for costs and expenses based on a failure to comply with this district's Civil Local Rule 54, requiring the prevailing party to file a bill of costs.  Opp. 15.  However, Plaintiffs *have* filed a bill of costs in this case, and the Clerk of Court has subsequently taxed costs against Defendant.  ECF Nos. 41, 47.

Courts in this district have awarded costs in attorneys' fees motion, notwithstanding this district's local rules regarding bills of costs.  *See, e.g.*, *Ricksecker*, 2023 WL 1542199, at *5; *Covarrubias*, 2021 WL 3514095, at *6.  The Court does not construe Plaintiffs' request for expenses as one for double recovery, nor does the California statute provide for such recovery.  Cal. Civ. Code § 1794(d).  Accordingly, the Court will award Plaintiffs' expenses in this matter with the understanding that Plaintiffs are not to obtain double recovery for their expenses.

### IV.  CONCLUSION

Based on and consistent with the foregoing discussion, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for attorneys' fees.  The Court AWARDS fees, costs, and expenses to Plaintiffs' counsel, as follows: (1) **$23,791.00** in attorneys' fees; (2) **$484.35** in costs and expenses; and (3) **$2,375.00** in fees for Plaintiffs' reply brief in this motion.

This amount shall be payable within 90 days of this Order.

**IT IS SO ORDERED.**

Dated: December 13, 2023

EDWARD J. DAVILA
United States District Judge

---

[1] The Court does not cite defense counsel's rates to evaluate the reasonableness of Plaintiffs' counsel's rates, but only to indicate that the overall risk of the contingency arrangement is captured somewhat by the higher rates that the Court has permitted.

Case No.: 5:22-cv-01968-EJD
ORDER GRANTING IN PART AND DENYING IN PART ATTORNEYS' FEES
8